UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff

v.

Shawn B. Echols,

    Defendant

_____/

Case No:     1:07-cr-213-05

HONORABLE PAUL L. MALONEY
Chief United States District Judge

OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR
CREDIT TIME SERVED

## FACTS

Defendant Echols through his counsel has filed a "Motion for Credit Time Served" (Dkt #285) between October 16, 2007 and August 18, 2008. For the reasons set forth below, his motion is DENIED.

Defendant was arrested on October 16, 2007 by law enforcement authorities and lodged in the Berrien County Jail. Shortly thereafter, he was arraigned on a state charge of Delivery or Possession with Intent to Deliver Less than 50 Grams of Cocaine – 2nd Offense, and lodged in the County jail in lieu of bond. (State Case No. 2007 405480-FH).

Mr. Echols was first indicted in this case on November 7, 2007, pursuant to a First Superseding Indictment adding him as co-defendant. He remained in the Berrien County Jail until his arrest by federal authorities on December 3, 2007. His arrest and custody was effectuated by a Writ issued on November 20, 2007. On November 26, 2007, defendant pled guilty to felony charges in State Court.

Defendant's first appearance in Federal Court occurred on December 3, 2007. (Dkt #79). He pled not guilty on December 7, 2007 and his detention was continued pending disposition of the indictment. (Dkt #83).

The Defendant returned to Berrien County for sentencing on the above referenced state charges. On January 7, 2008, he received a sentence of 12 months to 20 years in prison. By state law, Defendant was entitled to credit for time served since his arrest on October 16, 2007. MCL 769.11(b).

On April 4, 2008, Defendant pled guilty to Count 1 of the Superseding Felony Information. (Dkt #165). See Dkt #176. After acceptance of the plea by this court (Dkt #194), Defendant was sentenced on August 18, 2008, to 114 months. Dkt #233 and #241.

## OPINION

For several reasons, Defendant is not entitled to any credit on his federal sentence for time served between October 16, 2007 and August 18, 2008.

First, Congress has made clear that a Defendant cannot receive double credit for his detention time. United States v Wilson, 503 U.S. 329, 112 S. Ct. 1351, 1356 (1992).

Second, a federal sentence does not begin to run when a federal Defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody. United States v. Cole, 416 F3d 894, 897 (8th Cir 2005).

Third, the earliest date a federal sentence can commence is the date it is imposed. The concurrent sentence imposed here commenced no earlier than August 18, 2008.

Mr. Echols received state credit for time already served from October 16, 2007 until the date of his state sentencing on January 7, 2008. Accordingly, he cannot also receive credit on his federal sentence for that same period. United States v Wilson, 112 S. Ct. at 1356.

Between January 7, 2008 and August 18, 2008 (when this court imposed a concurrent sentence as of that date), the state had not relinquished primary jurisdiction over Mr. Echols. Primary Jurisdiction continues until the state relinquishes priority by 1) release on bond, 2) dismissal of charges, 3) parole, or 4) expiration of sentence. None of those events had occurred as of August 18, 2008[1]. Accordingly, he is not entitled to any credit on his federal sentence prior to its imposition. Cole, id.

---

[1] Defendant was paroled on the state charge on November 6, 2008. See www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=256909

Accordingly, Defendant's Motion is DENIED.

IT IS SO ORDERED.

DATED:  September 11, 2009          /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge