UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<span/>HAWN B. E<span/>CHOLS,,
        Petitioner,

No. 1:07-cr-213-05

-v-

HONORABLE PAUL L. MALONEY

U<span/>NITED S<span/>TATES OF A<span/>MERICA,
        Respondent.

## ORDER DENYING § 2255 MOTION

Shawn B. Echols filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On September 5, 2007, a grand jury returned a single-count indictment charging four individuals with participating in a conspiracy to distribute crack cocaine. On November 7, 2007, the same grand jury returned a two-count first superceding indictment expanding the dates of the conspiracy and the type of substances that were the object of the conspiracy and adding three new defendants, including Petitioner Shawn Echols. Under count 1, the expanded conspiracy charge, each defendant faced a mandatory minimum sentence of ten (10) years and a maximum of life, if convicted. On April 4, 2008, Petitioner entered a guilty plea to conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine. The charge to which Petitioner pleaded guilty carried a mandatory minimum sentence of five (5) years and a maximum of forty (40) years.

A presentence investigation report (PSR) was prepared by the probation department. The probation officer scored Petitioner's base offense level at 32 and total offense level at 31. Petitioner's criminal history category was V, based on 11 criminal history points. The advisory guideline range was 168 to 210 months in prison. The probation officer recommended imposing a 168 month sentence. Petitioner, through counsel, lodged several objections to the PSR. Prior to sentencing, the parties entered into a stipulation resolving the objections to the guideline scoring.

In the stipulation, the parties agreed Petitioner's adjusted offense level should be 32 and total adjusted offense level should be 29. The parties agreed to submit a joint sentencing recommendation of 100 to 144 months. As part of the stipulation, if Petitioner was sentenced to 144 months incarceration or less, he "agrees to waive his right to appeal the sentence . . . in exchange for the concessions made by the United States Attorney's Office in this plea agreement. The [Petitioner] also waives the right to challenge this sentence and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code § 2255 (except a post conviction attack based on ineffective assistance of counsel)." Petitioner did not file a direct appeal.

ANALYSIS

**1. Petitioner waived his right to appeal or collaterally attack his sentence.**

Waivers in plea agreements are generally enforceable. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("We have held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable."); *Short v. United States*, 471 F.3d 686, 698 (6th Cir. 2006) ("Plea agreement waivers of § 2255 rights are generally enforceable."). When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, the defendant is precluded from bringing a claim for ineffective assistance of counsel based on 28 U.S.C. § 2255. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). However, when the waiver was not made knowingly, intelligently, or voluntarily, or was the product of ineffective assistance of counsel, a defendant may appeal or collaterally attack the validity of the waiver. *Acosta*, 480 F.3d at 422 (explaining, in such situations, "it would be entirely circular for the government to argue that the defendant waived his right to appeal or a collateral attack when the

2

substance of claim challenges the very validity of the waiver itself.").

Petitioner is not entitled to the relief he seeks. Petitioner waived his right to appeal or collaterally attack his sentence. Petitioner has not raised a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel. *See Acosta*, 480 F.3d at 422. When quizzed by the court at sentencing about the stipulation and recommendation, Petitioner stated that he understood that if the court stayed within the recommended sentence, Petitioner gave up his right to appeal. (Sent. Tr. 5, Aug. 18, 2008.) *Cf. United States v. Almany*, ___ F.3d.___, 2010 WL 785648, at *2 (6th Cir. Mar. 10, 2010) (holding the district court's failure to inquire about the defendant's understanding of the appellate waiver provision in his plea agreement was plain error and therefore the waiver provision was unenforceable). Assuming, for the sake of argument only, the alleged deficiencies of counsel are accurate, Petioner's claims do not establish that the waiver was the product of ineffective assistance of counsel. In fact, Petitioner does not assert that he would not have opted to enter the stipulation had counsel raised these objections to the PSR. The deficiencies alleged by Petitioner relate to errors in sentencing, claims that fall squarely within the waiver.

**2. Petitioner's claims lack merit.**

Even if Petitioner's claims do implicate the validity of the waiver, the claims are without merit. Petitioner raises three claims, all relating to alleged errors in his PSR. First, Petitioner asserts counsel was ineffective for failing to object to errors in the criminal history section of the PSR. Petitioner identifies four prior convictions he claims should not have been assigned any criminal history points. The four prior convictions identified by Petitioner in his first claim were accurately scored in the PSR. None of the four convictions identified in the motion fell under USSG §

3

4A1.2(c)(1). Second, Petitioner asserts counsel was ineffective for failing to challenge the drug quantity relied upon to establish the mandatory minimum and statutory maximum in count 1 of the superceding indictment. As a result he pled guilty to a drug quantity far beyond his legal responsibility and no objection was filed to the PSR requiring the government to produce proof of the drug type and quantity for sentencing. Petitioner's second claim is nonsensical. Petitioner was not convicted on count 1 of the first superceding indictment. Petitioner pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine, an amount to which Petitioner admitted at his plea hearing. Counsel did file objections to portions of the PSR identifying the quantity of drugs for which Petitioner could be held responsible. That objection was resolved through the stipulation. Third, counsel was ineffective for failing to file a direct appeal regarding the above alleged errors. Counsel has no obligation to raise futile or frivolous objections and cannot be held unconstitutionally ineffective for failing to make such objections. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S.

473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). Upon review of the petition, the government's response, and Petitioner's reply, the court concludes reasonable jurists would not disagree with the conclusions of this court. The waiver contained in the stipulation is valid and Petitioner's claims lack merit.

For the reasons provided above, **IT IS HEREBY ORDERED:**

1. The motion to vacate, set aside, or correct sentence (Dkt. No. 287) is **DENIED.**

2. A certificate of appealability is **DENIED.**

Date: April 26, 2010 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge